No. 10-1794

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

STEPHEN C. VENEKLASE AND REBECCA S. VENEKLASE

Plaintiffs - Appellants,

v

BRIDGEWATER CONDOS, L.C., a Michigan limited liability company

Defendant - Appellee

---

On Appeal from the United States District Court
for the Western District of Michigan

---

APPELLANTS' REPLY BRIEF

---

David W. Charron (P39455)
Heidi L. Hohendorf (P68944)
Charron & Hanisch, PLC
Attorneys for Plaintiffs-Appellants
4949 Plainfield Ave NE
Grand Rapids, MI 49525
(616) 363-0300

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   THE VENEKLASES ARE ENTITLED TO SEEK ALTERNATIVE
     RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  EQUITABLE RESCISSION IS AN APPROPRIATE REMEDY UNDER
     THE INTERSTATE LAND SALES FULL DISCLOSURE ACT. . . . . . . . 4

III. BRIDGEWATER FAILS TO ADDRESS THE VENEKLASES'
     ARGUMENT THAT THE DISTRICT COURT IMPROPERLY
     AWARDED BRIDGEWATER THE VENEKLASES' CASH DEPOSIT
     WITHOUT AN ADJUDICATION OF THE STATE LAW CLAIMS ON
     THEIR MERITS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**

*Borgo Real Estate, Inc. v Resort Residences at Walkabout,* 2009 WL 3241978
    (M.D.Fla) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Gaudet v. Woodlake Development Co.,* 413 F. Supp. 486 (E.D.La. 1976) . . . . 2, 3

*In Re Mona Lisa at Celebtration, LLC,* 2010 WL 3359527,
    (Bkrtcy. M.D. Fla.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Plant v. Merrifield Town Center Ltd. Partnership,* - - - F.R.D. - - -,
    2010 WL 1039875 (E.D. Va, March 18, 2010) . . . . . . . . . . . . . . . . . 4, 5, 7

*Werdmuller Von Elgg v. Carlyle Developers, Inc.,* 2009 WL 961144
    (M.D. Fla.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

**Statutes**

15 U.S.C. § 1703 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

15 U.S.C. § 1703(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

15 U.S.C. § 1709 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

**Rules**

Fed. R. Civ. P. 8(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## INTRODUCTION

The Veneklases reincorporate the facts and arguments set forth in their Appellant's Brief and hereby submit this reply brief for the purpose of clarifying certain issues that were misconstrued by Bridgewater in its Appellee's Brief.

## ARGUMENT

### I. THE VENEKLASES ARE ENTITLED TO SEEK ALTERNATIVE RELIEF.

Bridgewater argues repeatedly throughout its brief that the Veneklases must elect to pursue either damages or rescission under ILSFDA as remedies, but not both at the same time. The few unreported cases cited by Bridgewater for this position do **not** preclude a party from seeking relief in the alternative; rather, they merely state that plaintiffs are not *entitled to receive* both types of relief under ILSFDA. This rule of law makes complete sense - - while plaintiffs may pursue alternative relief, they, obviously, cannot obtain both rescission of a contract and damages under the same contract, because if the contract is rescinded, no contract would exist on which to obtain damages. Bridgewater's argument, on the other hand, would have this Court believe that a plaintiff pursuing a ILSFDA claim must choose at the onset of the litigation which relief it is seeking and if the court determines that the plaintiff is not entitled to that particular relief, then he is out of luck with regard to any alternative

1

relief. This argument goes against the basic principle that plaintiffs are entitled to plead alternative relief. [1]

The case of *Borgo Real Estate, Inc. v Resort Residences at Walkabout*, 2009 WL 3241978 (M.D.Fla) cited by Bridgewater involves plaintiffs who sought both damages and rescission in their complaint. A default was entered because the defendant failed to file an answer. In a motion for default judgment, the court advised the plaintiffs to notify it of which type of relief it desired because plaintiffs could not have both. The Court stated: "Thus, a purchaser may **have** either of two remedies, damages or rescission, under ILSFDA, but not both." *Id.* at *2 (emphasis added). This case does not state that the plaintiffs could not *seek* both types of remedies, only that they may not *have* both.

This same holding arose in *Gaudet v. Woodlake Development Co.*, 413 F. Supp. 486 (E.D.La. 1976). In that case, the plaintiff purchasers brought an action to recover damages and, in the alternative, to obtain rescission of a contract under ILSFDA. In addressing these two types of relief, the Court stated:

> "As pointed out both in this opinion and in the earlier opinion in this case, rescission is a proper remedy. Further, § 1709(c) clearly provides that damages are available in an action based on a violation of § 1703.

---

[1] See Fed. R. Civ. P. 8(a)(3) which states: "A pleading that states a claim for relief must contain a demand for the relief sought, **which may include relief in the alternative or different types of relief**." (Emphasis added).

Whether these remedies may be cumulated, i.e., whether the purchaser may both rescind the sale and claim the damages specified in § 1709(c), is, however, another question...In the absence of any authority, then, it seems that the better view is that the **purchaser may have either of two remedies, but not both**." *Id.* at 490 (emphasis added).

Accordingly, it can be seen that Bridgewater's argument is misplaced.[2] The Veneklases may seek both rescission and damages of the Purchase Agreement, they just are not entitled to both. Thus, if this Court determines that rescission is not an appropriate remedy, the Veneklases are not barred from seeking damages in the alternative.[3] The Veneklases clearly pled both types of relief in their Complaint (R.E. No. 1) and if one is not available, then they have the right to pursue the other.

Clearly, the district court erred in dismissing the entire federal claim without

---

[2] Bridgewater also relies upon a footnote in the unpublished bankruptcy case *In Re Mona Lisa at Celebtration, LLC*, 2010 WL 3359527 (Bkrtcy. M.D. Fla.) in support of its position that the Veneklases may only seek one type of relief under ILSFDA. This footnote merely cites *Borgo, supra* and *Gaudet, supra*, which have both established that plaintiffs may seek alternative relief, they are just not entitled to both types of relief.

[3] Bridgewater's statements that the Veneklases sought to pursue the relief of rescission only, simply because their Motion for Summary Judgment was premised upon rescission and not damages is also misplaced. An issue of fact precluded the Veneklases from seeking summary judgment under the damages theory. Moreover, it would have been unnecessary to seek summary judgment under both types of relief because if rescission was granted, the Veneklases would not have been entitled to damages; if on the other hand, summary judgment on the claim of rescission was denied, the Veneklases still had the right to prove their damage claim at trial.

adjudicating the merits of the Veneklases' request for damages under ILSFDA. Accordingly, the Veneklases request that this Court remand the case back to district court for further proceedings on the issue of damages.

## II. EQUITABLE RESCISSION IS AN APPROPRIATE REMEDY UNDER THE INTERSTATE LAND SALES FULL DISCLOSURE ACT.

Bridgewater claims in its Appellee's Brief that the Veneklases made no attempt to distinguish the unpublished case *Werdmuller Von Elgg v. Carlyle Developers, Inc.*, 2009 WL 961144 (M.D. Fla.) cited by Bridgewater in its Brief in Response to Plaintiffs' Supplemental Brief in Support of Summary Judgment in the District Court, which Bridgewater assserts criticizes the relief of equitable rescission. This is because the *Werdmuller* case does not address the concept of "equitable rescission" as it is analyzed in *Plant v. Merrifield Town Center Limited Partnership*, - - - F.R.D. - - -, 2010 WL 1039875 (E.D. Va, March 18, 2010) (R.E. No. 51-1) - - -a case which was decided subsequent to *Werdmuller* - - - nor does it invalidate the reasoning in *Plant*.

The court in *Werdmuller* merely states that the plaintiffs did not cite any case law to support their theory of equitable rescission which that court contends would read §1703(c) out of ILSFDA. As shown in *Plant*, however, this conclusion is erroneous. The court in *Plant* was able to **harmonize** §1709 and §1703 of ILSFDA

4

by noting the difference between the rescission rights in both provisions.  §1703 provides for an **automatic** right of rescission if the purchaser notifies the developer of its decision to rescind within 2 years from the signing of the purchase agreement. Under this section, the purchaser is automatically entitled to rescission of the purchase agreement with no questions asked.  Whereas, under §1709, the purchaser must **prove** that it is entitled to **equitable** rescission.  The purchaser is not automatically entitled to rescission as it is under §1703; instead, the purchaser must show a material violation of ILSFDA that prejudiced the purchaser and would entitle the purchaser to an equitable remedy.

As *Werdmuller* fails to differentiate automatic rescission from equitable rescission, there was no need for the Veneklases to distinguish this case from *Plant*. *Plant* clearly establishes that §1703 and §1709 can be read together and that equitable rescission is a viable remedy under ILSFDA.

Bridgewater also claims that "Clearly Congress intended that rescission be sought within two years or the purchaser will be relegated to a suit pursuing other equitable relief or damages."  This allegation, however, is contrary to the clear and unambiguous language of §1709, which provides for **all** types of equitable relief. There can be no doubt that rescission constitutes an equitable relief.  As stated in the Appellant's Brief, if Congress had intended to exclude rescission as an available

equitable remedy under §1709 it could have simply stated so, but it did not. Accordingly, it must be presumed that Congress intended for equitable rescission as an available remedy under §1709.

Finally, Bridgewater asserts that even if equitable rescission is an available remedy, the Veneklases' claim still fails because they have demonstrated no factual basis for their claim. This allegation is false. As Bridgewater recognizes in its brief, in order to obtain equitable rescission, the Veneklases must be able to demonstrate that material misstatements **or omissions** existed. Despite Bridgewater's blatant misrepresentation that the Veneklases have never made any pleadings regarding why Bridgewater's failure to provide the requisite language in the Purchase Agreement notifying the Veneklases of their revocation rights under §1703(c) of ILSFDA and Bridgewater's failure to include in the Purchase Agreement the language mandated by the Code of Federal Regulations constitutes a material omission, the Veneklases expressly stated in Paragraph 19 of their Complaint that: "Had Developer included the proper language in the Purchase Agreement, as required by the Federal Act, the Veneklases' would have exercised their right to revoke or rescind the Purchase Agreement prior to the expiration of the two-year limitation contained in the Federal Act." (R.E. No. 1). Steve Veneklase testified that the unit was offered for resale at cost during the year preceding the conclusion of the two year recession period.

Furthermore, it is clear that Bridgewater's violation of ILSFDA constitutes a material omission which would entitle the Veneklases to equitable rescission because, as the Veneklases stated in their Brief in Support of Motion for Summary Judgment (R.E. No. 29), not knowing this revocation right, directly due to Bridgewater's failure to disclose such right, caused the Veneklases to unwittingly forego exercising such right within the 2-year period following the execution of the Purchase Agreement. Had Bridgewater notified the Veneklases of this right, **as it was required to do under ILSFDA**, the Veneklases would have exercised their automatic rescission rights within the 2-year period following the execution of the Purchase Agreement.

Accordingly, the district court committed error in dismissing the Veneklases' rescission claim under ILSFDA, and not permitting them to make a showing for equitable rescission, when a genuine issue of material fact exists as to whether they were entitled to equitable rescission under the circumstances. The Veneklases respectfully request that this Court reverse the decision of the district court, apply the analysis of *Plant* to the current action, and remand the case back to district court for a finding on the issue of equitable rescission.

### III. BRIDGEWATER FAILS TO ADDRESS THE VENEKLASES' ARGUMENT THAT THE DISTRICT COURT IMPROPERLY AWARDED BRIDGEWATER THE VENEKLASES' CASH DEPOSIT WITHOUT AN ADJUDICATION OF THE STATE LAW CLAIMS ON THEIR MERITS.

As noted by the Veneklases in their Appellant's Brief, if this Appellate Court determines that the state law claims were properly dismissed without prejudice by the district court, then the Veneklases are entitled to re-file their claim for rescission under the Condo Act in state court and have such claim adjudicated on its merits. Moreover, if the state court were to determine that rescission of the Purchase Agreement under the Condo Act is a proper remedy - - which it has already done in at least 15 similar cases involving Bridgewater and similarly situated prospective purchasers of units within the Project, due to Bridgewater's failure to comply with the Condo Act - - then Bridgewater would not be entitled to the Veneklases' Deposit. As such, the district court's award of the Deposit to Bridgewater was erroneous and premature.

Bridgewater failed to present any arguments to the contrary in its Appellee's Brief regarding this issue. In fact, Bridgewater did not even **address** this issue in its Brief; presumably because it concedes the argument. To be sure, Bridgewater states that "Nonetheless, in this case, Plaintiffs may still attempt to pursue claims and recover under state law." (Appellee's Brief, p 16, fn 4).

As the state court has already determined that rescission of identical purchase agreements is an appropriate remedy in cases on-point with the current matter, the Veneklases would receive the same relief if they filed their claim in state court, and Bridgewater would not be entitled to the Veneklases' cash Deposit. Therefore, as stated previously, it was improper and premature for the district court to award Bridgewater the Veneklases' cash Deposit prior to the adjudication of the state law claims and such a decision must be reversed.

## <u>RELIEF REQUESTED</u>

The Veneklases respectfully request the following relief: 1) reversal of the district court's ruling with regard to automatic rescission under §1703 of ILSFDA, or, in the alternative, remand of the case back to the lower court for further findings on the issues of equitable rescission and/or damages under §1709 of ILSFDA; 2) reversal of the lower court's ruling to dismiss the pendent state law claims; and 3) reversal of the lower court's ruling to award the Veneklases' cash Deposit to Bridgewater.

Respectfully submitted,

Dated: September 22, 2010

/s/ David W. Charron
David W. Charron (P39455)
Heidi L. Hohendorf (P68944)
Charron & Hanisch, PLC
Attorneys for Plaintiffs-Appellants
4949 Plainfield Ave NE
Grand Rapids, MI 49525
Telephone: (616) 363-0300
Facsimile: (616) 363-0339

# CERTIFICATE OF SERVICE

I certify that on September 22, 2010, I caused the foregoing to be served electronically on the following persons via the ECF system:

Gary Schenk
Curt Rypma
Brent Boncher
SCHENK, BONCHER & RYPMA
601 Three Mile Road, N.W.
Grand Rapids, MI 49544

Dated: September 22, 2010

/s/David W. Charron
David W. Charron
Attorney of Record for Plaintiffs-Appellants Stephen and Rebecca Veneklase