UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

STEPHEN C. VENEKLASE;
REBECCA S. VENEKLASE,

      Plaintiffs-Appellants,

v.                                                           Case No. 10-1794

BRIDGEWATER CONDOS, LC, a
Michigan limited liability company,

      Defendant-Appellee.

_____/

| CHARRON & HANISCH, P.L.C. | SCHENK, BONCHER & RYPMA |
|---|---|
| David W. Charron (P39455) | Gary P. Schenk (P19970) |
| Heidi L. Hohendorf (P68944) | Curtis D. Rypma (P44421) |
| Attorneys for Plaintiffs-Appellants | Brent W. Boncher (P64832) |
| 4949 Plainfield NE | Attorneys for Defendant-Appellee |
| Grand Rapids, MI 49525 | 601 Three Mile Road NW |
| (616) 363-0300 | Grand Rapids, MI 49544-1601 |
| | (616) 647-8277 |

_____/

**[ORAL ARGUMENT REQUESTED]**

**<u>APPELLEE'S BRIEF</u>**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT IN SUPPORT OF REQUEST FOR ORAL ARGUMENT. . . . . . v

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

COUNTER STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LAW AND ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.     THE INTERSTATE LAND SALES FULL DISCLOSURE ACT
          BARS RESCISSION BY ITS PLAIN TERMS AND AS
          INTERPRETED BY COMMON LAW... . . . . . . . . . . . . . . . . . . . . . . 9

          A.     A Purchaser Only Has Two Years to Exercise Its Rescission
               Claim as Nearly Uniformly Construed by Case Law.. . . . . . . . 9

          B.     Plaintiffs' Claim of Equitable Rescission Lacks Legal
               Support. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

          C.     Plaintiffs' Claim for Summary Judgment on Equitable
               Rescission Fails Because Plaintiffs Have Failed to Plead or
               Demonstrate a Factual Basis For It.. . . . . . . . . . . . . . . . . . . . 20

II.     THE COURT PROPERLY DISMISSED THE ILSFDA COUNT IN ITS ENTIRETY BECAUSE PLAINTIFF ELECTED TO PURSUE RESCISSION AND THERE WAS NO "DAMAGES" CLAIM THAT WAS PLEAD (OR DEMONSTRATED).. . . . . . . . . . . . . . . . . . . . . 22

        A.      Plaintiffs Must Elect to Pursue Damages or Rescission And Return of Deposits: Plaintiffs Elected Rescission.. . . . . . . . . 22

        B.      Even If Plaintiffs Could Also Pursue Damages, There Were No Allegations Plead (or Proofs) That Defendant's Omissions Caused Any Damages.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

III.    THE DISTRICT COURT'S OPINION REACHES THE RIGHT CONCLUSION ON RESCISSION REGARDLESS OF HOW IT WAS PRESENTED TO THE COURT.. . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

<u>**INDEX OF AUTHORITIES**</u>

<u>**Cases**</u>

*Borgo Real Estate, Inc v Resort Residences at Walkabout*, 2009 WL 3241978

    (M.D. Fla). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Deckert v Independence Shares Corp.*, 311 U.S. 282, 289 (1940).. . . . . . . . . . . 18

*Ditthardt v North Ocean Condos, L.P.*, 580 F.Supp2d 1288 (S.D. Fla, 2008). 12,19

*Harris Trust and Sav. Bank v Salomon Smith Barney, Inc*, 530 U.S. 238, 250

    (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*In Re Mona Lisa at Celebration, LLC*, 2010 WL 3359527

    (Bkrtcy. M.D. Fla).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 24-25

*In Re Paramount Lake Eola, L.P. Litigation*, 2009 WL 2525558 at 14 (M.D. Fla

    2009) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jankus v The Edge Investors, L.P.*, 619 F.Supp.2d 1328 (S.D. Fla.

    April 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 14

*Jankus v The Edge Investors, L.P.,* 2009 WL 2849064 (S.D. Fla Aug 2009). . . . 10

*Lukenas v Bryce's Mountain Resort, Inc*, 538 F.2d 594 (4th Cir 1976). . . . . . . . 12

*Mertens*, 508 U.S. at 256.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Orsi v Kirkwood*, 1992 WL 511406 at 3 (E.D. Va 1992), *affirmed*, 999 F.2d 86 (4th

    Cir. 1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Paramount Lake EOLA, L.P. Litigation*, 2009 WL 2525558 (M.D. Fla).. . . . . . . 20

*Plant v Merrifield Town Center Ltd Partnership*, 2010 WL 1039875

    (E.D. VA). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17, 18, 20

*Plaza Court, LP v Baker-Chaput*, 2009 WL 1809921 (Fla. App 5 Dist 2009). . . 11

*Taylor v Holiday Isle, LLC*, 561 F.Supp.2d 1269 (S.D. Ala 2008).11, 14, 16, 19, 20

*Timmreck v Munn*, 433 F.Supp. 396 (N.D. Ill 1977). . . . . . . . . . . . . . . . . . . . . 12

*Venezia v 12th & Division Properties, LLC*, 2009 WL 2366417

    (M.D. Tenn 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Werdmuller Von Elgg v Carlyle Developers, Inc.*, 2009 WL 961144

    (M.D. Fla). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 19, 20

**Statutes/Court Rules/Other Authorities**

15 U.S.C. 1703. . . . . . . . . . . . . . . . . . . . . 9, 11, 12, 14, 15, 16, 17, 19, 20, 24

15 U.S.C. 1709. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 19, 20, 24, 25

15 U.S.C. 1711. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 19

ERISA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Michigan Condominium Act.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Securities Act of 1933.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

**<u>STATEMENT IN SUPPORT OF REQUEST FOR ORAL ARGUMENT</u>**

Oral argument in this matter is appropriate because the issues involved are sufficiently complex and constitute significant questions of law. Defendant submits that oral argument would be of significant utility to the Court to appreciate the body of case law on the issues raised on appeal.

## STATEMENT OF THE ISSUES

1.  Did the District Court err by dismissing the Interstate Land Sales Full Disclosure Act claims brought by Plaintiff seeking rescission by the plain language of the Act itself as well as its interpretation by case law?

    District Court says:  No.
    Plaintiffs say:  Yes.
    Defendant says:  No.

2.  Did the District Court properly dismiss the ILSFDA count in its entirety given that Plaintiffs elected to pursue rescission and there was no "damages" claim that was plead (or demonstrated)?

    District Court says:  Yes.
    Plaintiffs say:  No.
    Defendant says:  Yes.

3.  Did the District Court's Opinion reach the right conclusion on rescission regardless of how it was presented to the Court?

    District Court says:  Yes.
    Plaintiffs say:  No.
    Defendant says:  Yes.

# <u>JURISDICTIONAL STATEMENT</u>

Defendant concurs with Plaintiffs' jurisdictional statement.

## STATEMENT OF THE CASE

This case arises from the development of the condominium project, River House at Bridgewater Place. Defendant Bridgewater Condos was the developer. Plaintiffs signed a purchase agreement for a condo unit and failed/refused to close on the unit after the project was completed. On April 1, 2009 they filed suit against Defendant Bridgewater seeking rescission over three years after they committed to the purchase. On October 8, 2009 the Veneklases filed a motion for summary judgment. Notably, it only argued that Plaintiffs were entitled to rescission and Plaintiffs neither briefed nor argued about damages (beyond the return of their security deposit/down payment). The motion was not a motion for partial summary judgment. For its part Bridgewater sought a determination as a matter of law that Plaintiffs were not entitled to recover under the ILSFDA.

On May 17, 2010, the trial court issued its Opinion and Order in the case in which it: (1) denied the Veneklases' Motion with regard to their rescission claim under ILSFDA; (2) granted Bridgewater's Motion for Summary Judgment to the extent that it awarded Bridgewater the funds deposited in escrow (in accordance with the terms and conditions of the escrow agreement); (3) granted summary judgment in favor of the Veneklases on Bridgewater's specific performance counterclaim; and

1

(4) dismissed the remaining state law claims without prejudice (R.E. No. 43, Opinion and No.55, Order).

The Veneklases appealed this Opinion and Order, claiming that it erroneously denied the Veneklases the relief of equitable rescission and ignores their claim for monetary relief by dismissing the ILSFDA claim in its entirety without adjudication of monetary damages. They further claim that if the ILSFDA claim was erroneously dismissed, then the state law claims before the district court were also improperly dismissed because the district court had retained supplemental jurisdiction over the state law claims. Lastly, the Veneklases claim that the district court improperly awarded Bridgewater the Veneklases' cash deposit under the purchase agreement when their rescission claim under state law and Bridgewater's breach of contract claim under state law had not been adjudicated. Bridgewater submits that these claims are without merit and the district court opinion should be affirmed in its entirety. Plaintiffs' rescission claims are not well reasoned and have no solid case law support. Plaintiffs elected to pursue rescission and a return of the security deposit/down-payments and not monetary damages. In fact, Plaintiffs failed to adequately plead a claim for monetary relief. Thus, there were no monetary claims to adjudicate and Plaintiffs' federal claims were properly dismissed and the court properly exercised its discretion to dismiss the state law claims without prejudice.

2

<u>**COUNTER STATEMENT OF FACTS**</u>

Bridgewater Condos, L.C. ("Bridgewater Condos") is a developer of a condominium project known as River House at Bridgewater Place, located in Grand Rapids, Michigan which consists of 208 condominium units. On April 18, 2006, Bridgewater Condos and Plaintiffs entered into a Purchase Agreement whereby Bridgewater Condos agreed to sell condominium Unit No. 79 for a purchase price of $395,900 (R.E. - Plaintiffs' Brief on Summary Judgment, Exhibit 3). As stated in the Purchase Agreement, Plaintiffs had nine (9) days from the receipt of the transaction documents required by the Michigan Condominium Act (the "Condo Act") to rescind the transaction (Plaintiffs' Exhibit 3, ¶10(a)). Plaintiffs failed to timely rescind the transaction under these terms.

At the time Plaintiffs signed the Purchase Agreement, the condominiums had not been built. Subsequent to entering into the Purchase Agreement, however, the economy began a free fall. With the economy spiraling, a wave of economic fear and uncertainty swept Michigan (and the country), the likes of which has not been seen since the Great Depression. As a result of the declining economic conditions, buyers, who had signed purchase agreements years before, began hiring attorneys to search for any way out of their Purchase Agreements.

3

Construction was completed in late 2008 and, upon completion, Bridgewater Condos notified Plaintiffs that closing had been scheduled for February 24, 2009 (R.E. - Plaintiffs' Brief on Summary Judgment, Exhibit 5, ¶8). Upon receiving this notification, Plaintiffs' counsel contacted Bridgewater Condos and communicated Plaintiffs' intent (almost three years after they signed the Purchase Agreement) to rescind the transaction (R.E. - Plaintiffs' Brief on Summary Judgment Exhibit 5, ¶9). Plaintiffs now argue that they have timely rescinded the Purchase Agreement under the Interstate Land Sales Full Disclosure Act ("ILSFDA") because Bridgewater Condos did not file a Property Report and apprise Plaintiffs that they had a two year revocation period. Plaintiffs' further claim a right to revoke under the Condo Act, arguing that the Purchase Agreement did not contain the correct name and address of the escrow agent and that the Purchase Agreement did not contain a statement that the escrow agreement itself was incorporated by reference.

Plaintiffs' appeals brief states that the project was "significantly delayed" as if to provide a justification for the extremely tardy attempted rescission. This is misleading. Plaintiffs were well-aware that they were purchasing a condominium in a 34-story tower that had not been built yet as of the time they signed the purchase agreement. This was to become the tallest building in Grand Rapids, and the largest condominium tower in the state. Obviously, it was going to take a couple of years to

4

complete the building and Plaintiffs have provided no evidence that any misrepresentations were made about the date of completion. There were no representations made of a completion date in the written material. In short, since there was no evidence that there was any "significant delay" this should not influence the Court as an equitable justification for the untimely attempted rescission.

Plaintiffs also claim in their appellate brief that they informed Bridgewater that they would no longer be able to obtain financing or close on the unit. This is a red herring since it is uncontested that the purchase was not contingent on the ability to obtain financing and for all Bridgewater knew, the Veneklases had ready cash for the transaction.

The Veneklases also claim in their brief that they gave notice of their intent to exercise their rescission rights under paragraph 10 of the Purchase Agreement. Since they did not give notice until nearly **3 years later,** it was not in keeping with the rescission time of nine (9) days stated in paragraph 10 of the Purchase Agreement. Thus, it is inaccurate to claim that they gave notice of their intent to exercise their rescission rights under paragraph 10 of the Purchase Agreement. Under the ILSFDA a plaintiff must elect to pursue rescission or monetary damages. Plaintiff clearly elected the former. Plaintiffs' Complaint plainly sought rescission as its remedy. Other than the return of the security deposit in conjunction with rescission, the

Complaint describes no other monetary relief. Plaintiffs' Motion for Summary Judgment was not a partial motion and, in keeping with their Complaint, sought a determination solely on rescission (see R.E. No. 29 - Brief in Support of Plaintiffs' Motion for Summary Judgment subheading B - "There is No Genuine Issue of Material Fact that the Veneklases are Entitled to Rescission of the Purchase Agreement Pursuant to the Federal Act." (p.7)). (See also request for relief under federal act - *Id.* at p.15.) Now that Plaintiffs recognize the flaws of its federal rescission claim, it is attempting to back-track and argue that they were seeking monetary relief. In sum, Plaintiffs' ILSFDA claims were properly dismissed in their entirety because there was no monetary claim pending. Therefore, once the federal rescission claim was dispatched, the district court properly dismissed the state law claims without prejudice in the exercise of its discretion.

## SUMMARY OF ARGUMENT

Plaintiffs' Motion for Summary Judgment sought rescission and return of cash deposits only. It was not a partial motion for summary judgment. Plaintiffs' claim for rescission fails as a matter of law since it was not timely filed within the two-year statutory limitation. The case law on this point is nearly uniform with one outlier upon which Plaintiffs rely which is not well reasoned and has been ignored and criticized by subsequent case law.

Plaintiffs now claim that they should be entitled to "equitable rescission" under §1709 of the ILSFDA. The one unpublished case Plaintiffs rely upon for this position is not well reasoned because the statute being compared to the ILSFDA is materially different from it. This criticism was examined in the case of *Werdmuller Von Elgg v Carlyle Developers, Inc.*, 2009 WL 961144 (M.D. Fla). Plaintiffs have made no attempt to distinguish or call into doubt the *Werdmuller* case in the lower court or in this court. Clearly Congress intended that rescission be sought within two years or the purchaser will be relegated to a suit pursuing other equitable relief or damages. Furthermore, as Plaintiffs themselves recognize in their appellate brief, in order to have a viable, equitable rescission claim the plaintiff must demonstrate there are "material misstatements or omissions". They are "material" when they would have influenced the decision to enter into the disputed contract. In this case, Plaintiffs have failed to plead, argue, or demonstrate any facts showing any material misstatements. Accordingly, Plaintiffs' Motion for Summary Judgment under the ILSFDA for rescission was properly denied.

The court properly dismissed the ILSFDA claims in their entirety because the plaintiff elected to pursue rescission. Case law indicates that the plaintiff must choose between rescission or monetary relief under the ILSFDA. Here, Plaintiffs' pleadings and argument indicate that it chose to pursue rescission (together with the

return of the deposits/down payments). Plaintiffs' Motion for Summary Judgment did not mention any monetary claims yet was drafted as a motion for summary judgment of all claims. Thus, even Plaintiffs believed that they were pursuing rescission as their elected remedy. Thus, Plaintiffs' federal claims were properly dismissed in their entirety because there was no monetary claim pending to adjudicate. Therefore, once the federal rescission claim was dispatched, the district court properly dismissed the state law claims without prejudice in the exercise of its discretion.

In addition to the election of remedies problem the Plaintiffs cannot overcome, the claims under the ILSFDA were still properly dismissed since Plaintiffs did not plead any damages or present any proofs of any damages. Case law requires that Plaintiffs must allege why or how they were injured and therefore entitled to monetary relief. There are no such claims in Plaintiffs' Complaint.

Defendant did not bring its own separate stand alone motion for summary judgment, but clearly sought an adjudication from the lower court on Plaintiffs' claims of rescission under the ILSFDA. The court ruled on the legal issue upon which both parties requested a determination. Thus, whether Defendant's request for relief is properly considered a "motion for summary judgment" is irrelevant.

8

In sum, for the reasons set forth more fully in this brief, Plaintiffs' claim for rescission is time-barred as a matter of law. Therefore, Defendant requests that this court affirm the District Court's Opinion.

## STANDARD OF REVIEW

Defendant concurs that the standard of review of a district court's decision to grant or deny summary judgment is *de novo*, that the standard of review for a statutory interpretation is a question of law that is reviewed *de novo*, and a district court's decision whether to exercise supplemental jurisdiction over state law claims is reviewed for an abuse of discretion.

## LAW AND ARGUMENT

**I.    THE INTERSTATE LAND SALES FULL DISCLOSURE ACT BARS RESCISSION BY ITS PLAIN TERMS AND AS INTERPRETED BY COMMON LAW.**

**A.    A Purchaser Only Has Two Years to Exercise Its Rescission Claim as Nearly Uniformly Construed by Case Law.**

15 USC 1703(c) gives a purchaser the right to revoke if exercised within "two years from the date of signing [the purchase agreement]". The Act also contains a three-year statute of limitations to sue for damages (if purchasers chose to pursue damages and can demonstrate them). The statute requires that the purchase agreement contain a phrase that the sale may be cancelled at the purchaser's option

for two years from the date of signing and also requires the issuance of a "Property Report". Plaintiffs argue that the two-year limitation on the right to rescind does not begin to run until the proper disclosures are made. Plaintiffs argue that had they been apprised of the two year rescission period by inclusion of the required language, they would have done so. The case law does not support their position.

Plaintiffs claim there is a split of authority concerning the application of the two-year right to revoke. However, Plaintiffs offer essentially only one case, *Jankus v The Edge Investors, L.P.*, 619 F.Supp.2d 1328 (S.D. Fla. April 2009), to support their position. *Jankus* is no longer good law since, on a motion for reconsideration, the Court withdrew and <u>superseded</u> that opinion (see attached ***Exhibit 1*** - *Jankus v The Edge Investors, L.P.,* 2009 WL 2849064 (S.D. Fla Aug 2009.) The opinion on reconsideration found the ILSFDA did not apply on other grounds and found it unnecessary to render a decision on the statute of limitations question. Given that the initial opinion was expressly withdrawn and superceded, the Court was clearly abandoning <u>both</u> the reasoning and the conclusions of its prior decision. Thus, it has no effect. Said another way, by withdrawing the opinion the Court took pains to reject the reasoning that the original opinion contained. It is this reasoning that

Plaintiffs now implore this Court to take up.  Thus, it is misleading to claim a split of authority.[1]

The remaining body of case law on the subject favors Bridgewater Condos and holds that the statutory two-year period runs from when the purchase agreement is signed, regardless of whether or not it contained a recital about the two-year period.[2] In the oft-cited and recent case of *Taylor v Holiday Isle, LLC*, 561 F.Supp.2d 1269 (S.D. Ala 2008) the Court concluded:

> Simply stated, if plaintiffs wanted to rescind their purchase agreements with Holiday Isle because of the latter's failure to furnish them with a property report before they signed those Agreements, they had two years in which to do so. Yet plaintiffs did not timely avail themselves of that right. *Id.* at 1272.

The Court continued, later remarking as follows:

---

[1] To be fair, Plaintiffs also offer the case of *Plaza Court, LP v Baker-Chaput*, 2009 WL 1809921 (Fla. App 5 Dist 2009) to support their position.  However, that case relied upon the now-withdrawn *Jankus* opinion (see also *In Re Mona Lisa at Celebration, LLC*, 2010 WL 3359527 (Bkrtcy. M.D. Fla) **(attached as *Exhibit 2*).**

[2] In fact, the even the case of *Plant v Merrifield Town Center Ltd Partnership*, 2010 WL 1039875 (E.D. VA), <u>relied upon by Plaintiffs</u> later in their brief does not support Plaintiffs' position.  There the Court stated, "[I]t is clear that the ILSFDA does not provide of an additional automatic revocation right where the seller fails to notify the purchaser of their automatic revocation right for failure to provide a property report pursuant to §1703(c)." (*Plant* at p. 11).

11

> [Plaintiff's] position is apparently that Holiday Isle's failure to   provide notice to the plaintiffs of their right to rescind within two years excuses plaintiffs' non-exercise of that rescission right within the §1703(c) period.   But nothing in the ILSFDA states that failure to disclose the right to rescind in the purchase agreement obviates, tolls or extends the two-year deadline for rescission.  Nothing in the statute says that the two-year period prescribed by §1703(c) runs from the date that purchasers discovered or should have discovered they had a right to rescind. Plaintiffs would thus apparently have this Court engraft new language onto the relevant provisions of the ILSFDA by judicial fiat, substituting its judgment for that of the legislature.  Courts are quite naturally leery of interpreting statutes in a manner that effectively tacks on new language that Congress did not see fit to include.... As a matter of statutory construction, then, the court cannot concur with plaintiffs' suggestion that a developer's failure to provide notice of the right of rescission in a purchase agreement eliminates the two-year  requirement for rescission under §1703(c).  *Id.* at 1274-1275.

See also *Ditthardt v North Ocean Condos, L.P.*, 580 F.Supp2d 1288 (S.D. Fla, 2008); *Timmreck v Munn*, 433 F.Supp. 396 (N.D. Ill 1977); *Lukenas v Bryce's Mountain Resort, Inc*, 538 F.2d 594 (4th Cir 1976) (ignorance of the law requiring a property report to be provided does not excuse tardy filing for rescission); and *In re Paramount Lake Eola, L.P. Litigation*, 2009 WL 2525558 at 14 (M.D. Fla 2009) - ("[T]he statute gives purchasers two years to revoke; if they do not do so within that time period, their right under that section expires by its own terms" ).

The one case Plaintiffs rely upon *(Jankus, supra)* claims that failure to infer an extension of the rescission period under these circumstances would thwart the purposes of the statute by leaving buyers without a meaningful remedy to redress the injury caused by the developer's failure to discharge its statutory duty. This is court activism at its best. There is a three-year period of limitations for actions for damages under the ILSLA so buyers are still provided protections if they chose to pursue damages and can demonstrate them. Only the remedy of rescission is barred by the two-year limitations period. Thus, to judicially extend the two-year period ignores the express intent of the legislature as expressed in the explicit language of the statute.

That is precisely the criticism leveled against *Jankus* by the most recent decision on the subject, *Venezia v 12th & Division Properties, LLC*, 2009 WL 2366417 (M.D. Tenn 2009) (R.E. No. 32 - Defendant's Brief in Response to Plaintiffs' Motion for Summary Judgment, Exhibit 2). In *Venezia*, the developer did not comply with the disclosure requirements set forth in the Act. Specifically, the developer did not provide a written Property Report and did not notify the purchaser of his right to rescind within two years (exactly the arguments made by Plaintiffs in the present motion). The Court held that the right to rescind was limited to the two year period, not the more general three year limitations period and the clock **starts**

**at the time the agreement was signed**.  The Court considered the various cases on

the subject including the early *Jankus* ruling which it dismissed as unreasonable.  The

Court held in relevant excerpts as follows:

> The Southern District of Florida has recently issued an opinion [*Jankus* I] in which it overruled its own prior precedent in order to construe the statute in the manner espoused by Plaintiff here, while the Middle District of Florida has, along with the Southern District of Alabama, taken the opposite view, and held in such a way as to favor the Defendants' position in this case.  In *Taylor v Holiday Isle*, the first published opinion on the issue and the one that still offers the most comprehensive analysis thereof, the defendant, like Defendant here, took the position that rescission based on a developer's failure to furnish a Property Report is an available remedy under the ILSFDA only if a plaintiff invokes such remedy within two years after he signs the purchase agreement.
>
> ***
>
> [T]he Court cannot adopt plaintiffs' reductionist reasoning that §1711renders their rescission claims timely as long as they are brought within three years even where plaintiffs have failed to comply with §1703(c)'s two year period for rescinding the Agreements...
>
> ***
>
> If the developer/seller refuses to honor the purchaser's timely rescission of the purchase agreement under §1703, then the purchaser has a third year (pursuant to §1711(b)) in which to file suit to enforce that right of rescission.  But if the purchaser fails to rescind the contract within those first two years, as required by §1703, that right of rescission is extinguished by the plain operation of that section, such there (sic) would no longer be any §1703 right to enforce via the three-year limitations period provide by §1711(b)...

14

\*\*\*

> [Plaintiffs'] fallback position is that they should not be held to the two-year period in §1703 because [defendant] failed to include in the Agreements the requisite notice of their right to rescind.

\*\*\*

> But nothing in the ILSFDA states that a failure to disclose the right to rescind in the purchase agreement obviates, tolls or extends the two-year deadline for rescission. Nothing in the statute says that the two-year period prescribed by §1703 runs from the date that purchasers discovered or should have discovered they had a right to rescind. Plaintiffs would thus apparently have this Court engraft new language onto the relevant provisions of the ILSFDA by judicial fiat, substituting its judgment for that of the legislature.

\*\*\*

> As a matter of statutory construction, then, the Court cannot concur with plaintiffs' suggestion that a developer's failure to provide notice of the right of rescission in a purchase agreement eliminates the two-year requirement for rescission under §1703.

\*\*\*

> In the alternative, plaintiffs posit that enforcing the two-year rescission period when the developer failed to provide the notice required by §1703 would effectively render the notice requirement meaningless, enabling developers to flout it with no adverse repercussions and thereby to frustrate Congressional intent. But plaintiffs read the statute too narrowly. *Venezia* at 3-5 (R.E. No. 29-3 - Plaintiffs' Brief on Summary Judgment, Exhibit 2).

This excerpt also addresses Plaintiffs' argument that they may revoke the Purchase

Agreement because they were not apprised of the right to rescind. Since Plaintiffs did

not exercise their right to rescind in a timely fashion under 15 USC 1703(c), then 15

15

USC 1703(e) (providing for the return of all funds paid toward the condominium purchase) does not become activated by its terms and Plaintiffs therefore are not entitled to a return of money paid by them under the agreement.

Plaintiff argues that the district court's affirmation of the reasoning found in the *Holiday Isle* case (and most every case interpreting the statute) "essentially holds the developer harmless" for its failure to provide the proper notice mandated by ILSFDA." This is flawed logic for several reasons. First, a Plaintiff purchaser is not limited to pursuing rescission (under the two year limitations period) but can pursue damages under the three year period. Second, a purchaser has two entire years to determine whether or not they wish to rescind. Two years is not a particularly short period of time to expect reconsidering purchasers to investigate rescinding the transaction. Yet, in this case, there is no indication that Plaintiffs had any wavering of their intent to purchase until over two and a half years after they agreed to purchase their unit. Second, nearly every cause of action has an attendant statutory limitations period and in very few instances are those statutes of limitations required to be explained in writing to the party against whom they would operate, yet Courts have little difficulty holding plaintiffs to those limitations periods. Plaintiffs are presumed to know what the law is or look it up (see *Taylor v Holiday Isle* (*supra*) at ftnt 11).

16

**B.    Plaintiffs' Claim of Equitable Rescission Lacks Legal Support.**

Plaintiffs beg this Court to find the case of *Plant v Merrifield Town Center Limited Partnership*, 2010 WL 1039875 convincing in order to support an argument that rescission is available not only through 15 U.S.C. 1703(c) but also equitably under 15 U.S.C. 1709.  While Section 1703 expressly only grants a two year rescission time frame ("such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing..."), Plaintiffs argue that two subsections of Section 1709 provide for a second chance at seeking rescission even after the two year express provision on rescission has elapsed. Section 1709(a) states that the Court has the power to order "damages, specific performance, or such other relief as the court deems fair, just, and equitable".  Section 1709(b) states, "a purchaser or lessee may bring an action at law or in equity against the seller or lessor (or successor thereof) to enforce any  right under subsection (b), (c), (d), or (e) of section 1703 of this title."

Plaintiffs look to the case of *Merrifield (supra)* which held that the plaintiff purchaser could seek rescission of their purchase agreement under Section 1709(a) or 1709(b) to support their argument.  The court in *Merrifield* justified its findings by comparing the ILSFDA to the Securities Act of 1933 and ERISA as follows:

17

> While the question whether equitable rescission is available under these provisions of ILSFDA is apparently a matter of first impression, the Supreme Court has construed similar provisions in the Securities Act of 1933 and ERISA to create an entitlement to equitable rescission where the necessary circumstances exist (case citations omitted). *See Harris Trust and Sav. Bank v Salomon Smith Barney, Inc*, 530 U.S. 238, 250 (2000) (applying federal common law to interpretation of §502(a)(3) of ERISA, which creates cause of action for "appropriate equitable relief"); *Deckert v Independence Shares Corp.*, 311 U.S. 282, 289 (1940) (applying federal common law to interpretation of §22(a) of the Securities Act, which creates cause of action for "suits in equity"). There is no basis to conclude that the ILSFDA provisions creating "an action at law or in equity" should be interpreted any differently from the provisions of ERISA and the Securities Act. Indeed, the broad language of §1709(a) and (b) indicates that all equitable remedies "typically available" under the common law are available for qualifying ILSFDA violations. *Mertens*, 508 U.S. at 256 (construing ERISA). (*Merrifield* at p.10.)

This conclusion in *Merrifield* is not well reasoned because the statutes utilized in this comparison are materially different from the ILSFDA. Conspicuously absent from both ERISA and the Securities Act of 1933, but present in the ILSFDA is an additional and separate provision that expressly covers and explains the requisite circumstances for the remedy of rescission. As argued by Defendant in oral argument on this matter, their "root" cause of action is rescission. This remedy is expressly limited to a period of two years by the statute. It would be completely inconsistent

18

and absurd for the legislature to expressly define the conditions for rescission (and time frame during which it is available) only for rescission to be again available under §1709 should a plaintiff fail to meet the requirements (including the time requirements) of the express provision on rescission. This was precisely examined in the case of *Werdmuller Von Elgg v Carlyle Developers, Inc.*, 2009 WL 961144 (M.D. Fla) (R.E. No. 32 - Defendant's Brief in Response to Plaintiffs' Motion for Summary Judgment, Exhibit A). There the Court reasoned as follows:

> This leaves the alleged violations of Sections 1703(c) and (d), both of which provide purchasers with the right to rescind their contracts within two years of signing. Despite this, the Plaintiffs contend that the ILSA provides them with three years in which to seek rescission.
>
> ***
>
> The Plaintiffs base this argument on two other sections of the ILSA: 15 U.S.C. §1711 and 15 U.S.C. §1709(a).
>
> ***
>
> The Plaintiffs argue that these two sections combine to permit them three years in which to seek remedies for violations of the ILSA, including the equitable remedy of rescission. The Plaintiffs cite no case law that supports this argument, *which would effectively read 15 U.S.C. §1703(c) out of the ILSA. See Ditthardt v North Ocean Condos, L.P.*, 580 F.Supp.2d 1288 (S.D. Fla. 2008) (holding that right to rescind found in Section 1703(c) and in Section 1703(d) must be asserted within two years, even though plaintiffs have three years in which to bring suit.) *See also Taylor v Holiday Isle, LLC*, 561 F.Supp2d 1269 (S.D. Ala. 2008) (holding that developer's failure to provide notice of right of rescission pursuant to Section 1703(c) did not eliminate requirement that the right be exercised within

19

two years).  The Plaintiffs therefore have no claim under the ILSA for rescission.  *Werdmuller* at 2.  (Emphasis added.)[3]

Plaintiffs have made no attempt to distinguish or call into doubt the *Werdmuller* case in the lower court or here.  Clearly Congress intended that rescission be sought within two years or the purchaser would be relegated to a suit pursuing other equitable relief or damages.  Section 1703 governs rescission and section 1709 those other possible forms of relief.  Defendant is aware of no case (other than the unpublished *Merrifield* decision) where the Court takes the position that section 1709 can serve as authority for a rescission action.  Rescission is dealt with uniformly under Section 1703 by every other ISLFDA case.  Furthermore, additional case law has limited Plaintiffs to two years when seeking rescission (*See Paramount Lake EOLA, L.P. Litigation*, 2009 WL 2525558 at p.14 (M.D. Fla) (R.E. No. 52 - Defendant's Brief in Response to Plaintiffs' Supplemental Brief in Support of Its Motion for Summary Judgment, Exhibit C).  This only further underscores the proposition that rescission is governed exclusively by Section 1703.

> **C.** **Plaintiffs' Claim for Summary Judgment on Equitable Rescission Fails Because Plaintiffs Have Failed to Plead or Demonstrate a Factual Basis For It.**

---

[3] See also *Taylor v Holiday Isle* (*supra*) at ftnt 7 - "If a purchaser fails to exercise that right [rescission under §1703(c)] within two years, then there is no §1703(c) right to enforce via a §1709(b) lawsuit."

Regardless, Plaintiffs' proposition that it can still succeed on a claim of equitable rescission (through §1709) is fatally flawed, even if legally available as Plaintiffs argue. As the Plaintiffs themselves recognize in their appellate brief, in order to have a viable equitable rescission claim, the plaintiff must demonstrate that the claimed "misstatements or omissions are material." *Merrifield* at 10 (the case upon which Plaintiffs themselves rely). They are "material" when they "would have influenced the decision to enter into the disputed contract." *Id.* The standard is an objective one. *Id.* Although Plaintiffs recognize this, they have never even plead this requisite element to the cause of action the "equitable rescission" claim they allege have asserted. Moreover, they have never plead any facts tending to show why the claimed omissions in the purchase documents were objectively material either.

Accordingly, for the reasons set forth above, Plaintiffs' Motion for Summary Judgment under the ILSFDA for rescission was properly denied. There is no reasonable construction of the statutory provisions of the ILSFDA's two year rescission period or of the equitable powers provisions that would allow for rescission past the two year deadline. To construe the ILSFDA differently would write sections of its provisions right out of the statute and render them surplusage. Nonetheless, even if Plaintiffs had demonstrated a legal basis for "equitable rescission" under the ILSFDA, there has been no pleadings, argument or facts presented, let alone

21

materially objective demonstration that Plaintiffs are entitled to equitable rescission.

**II.  THE COURT PROPERLY DISMISSED THE ILSFDA COUNT IN ITS ENTIRETY BECAUSE PLAINTIFF ELECTED TO PURSUE RESCISSION AND THERE WAS NO "DAMAGES" CLAIM THAT WAS PLEAD (OR DEMONSTRATED).**

**A.  Plaintiffs Must Elect to Pursue Damages or Rescission And Return of Deposits: Plaintiffs Elected Rescission.[4]**

It is well-established that Plaintiffs in ISLFDA cases must elect to pursue rescission and return of deposit <u>or</u> damages *(see Borgo Real Estate, Inc v Resort Residences at Walkabout*, 2009 WL 3241978 at p.2 (M.D. Fla) (R.E. No. 29 - Defendant's Brief on Summary Judgment, Exhibit B) - "The Interstate Land Sales Full Disclosure Act provides for two categories of lawsuits by purchasers... a purchaser may have either of two remedies, damages or rescission, under ILSFDA, but not both.")  (See also *Orsi v Kirkwood*, 1992 WL 511406 at 3 (E.D. Va 1992), *affirmed*, 999 F.2d 86 (4th Cir. 1993)-"a purchaser is entitled to either damages or

---

[4]  Plaintiffs point out that Defendant has previously stated in briefing that buyers who miss the two year limitation to seek rescission may seek damages under the three year period of limitations for damages "so buyers are still provided protections." (Appellant's brief at p.27). Plaintiffs misconstrue this statement.  This statement does not undercut the uncontested case law that a plaintiff must elect to pursue damages or rescission. Buyers, including the Plaintiffs in this case, could have sought damages, but they chose not to.  Instead, they unfortunately sought rescission despite the fact that it was clearly beyond the statutory time-frame to do so. Defendants are not to be punished for plaintiff's error in reading the law. Nonetheless, in this case, Plaintiffs may still attempt to pursue claims and recover under state law.

rescission, but not both", and *Mona Lisa (supra) at ftnt 34*).[5] For their ILSFDA

claims Plaintiffs plead and pursued rescission with a return of deposits in their

Complaint and in their Summary Judgment Brief. Plaintiffs' Complaint plainly

sought rescission as its remedy. Other than the return of the security deposit in

conjunction with rescission, the Complaint describes no other monetary relief.

Plaintiffs' Motion for Summary Judgment was not a partial motion and, in keeping

with their Complaint, sought a determination solely on rescission (see R.E. No. 29 -

Brief in Support of Plaintiffs' Motion for Summary Judgment subheading B - "There

is No Genuine Issue of Material Fact that the Veneklases are Entitled to Rescission

of the Purchase Agreement Pursuant to the Federal Act." (p.7)). (See also request

for relief under federal act - *Id.* at p.15.) Now that Plaintiffs recognize the flaws of

its federal rescission claim, it is attempting to back-track and argue that they were

seeking monetary relief from the outset. In sum, Plaintiffs' ILSFDA claims were

properly dismissed in their entirety because there was no monetary claim pending.

Therefore, once the federal rescission claim was dispatched, the district court properly

dismissed the state law claims without prejudice in the exercise of its discretion. For

---

[5] Plaintiffs have never proffered any countervailing case law against this argument which was made in Defendant's briefing below (see R.E. No. 52 - Defendant's Brief in Response to Plaintiffs' Supplemental Brief in Support of Its Motion for Summary Judgment).

the reasons stated above, rescission is unavailable to Plaintiffs.  Thus, Plaintiffs are relegated to pursuing claims for relief in the state court.

**B.     Even If Plaintiffs Could Also Pursue Damages, There Were No Allegations Plead (or Proofs) That Defendant's Omissions <u>Caused</u> Any Damages.**

Despite the election of remedies problem, Plaintiffs' claims under the ILSFDA (and state law also) were still properly dismissed since Plaintiffs have not plead any damages or presented any proofs of any damages.  It is hornbook law that damages is an element of any claim at law.  Moreover, the wrongful action must have <u>caused</u> the damages.  Courts interpreting the ILSFDA have recognized these principles in analyzing causes of action under the ILSFDA.  For example, in *In Re Mona Lisa at Celebration, LLC*, (*supra*), the Plaintiffs argued that "in addition to attempting to recover their deposits by bringing an action for rescission under §1703(c), plaintiffs also claim they are entitled to return of their deposits under §1709..." *Id.* at 4 (because the developer failed to provide them with written sales documentation in accordance with the statutory requirements -just like in this case).  The Court held as follows:

> As an initial matter, the Court notes that ILSFDA does not provide for statutory damages and that plaintiffs thus are required to show actual damages.  To show actual damages, plaintiffs must allege that Mona Lisa's failure to provide them with a property report caused them harm and that they are entitled to compensation for their injury.  In their pleadings, plaintiffs have alleged their deposits

constitute actual damages as a result of Mona Lisa's failure to provide a property report, but they do not explain why or how they were injured. *Id.* at 4.

In the present case, Plaintiffs have similarly plead they are entitled to a return of their security deposits under §1709 (see R.E. No. 1- Complaint). However, Plaintiffs' claim for return of the security deposit/down payment suffers from the same failure to plead why or how Plaintiffs were injured by Defendant's alleged failures to comport with ILSFDA requirements. It is not clear from Plaintiffs' pleadings whether they intend to seek monetary relief beyond or in the alternative to the security deposit/down payment. There are simply no allegations beyond the words "monetary relief" in paragraph 22 of its Complaint. This is insufficient. Thus, whether monetary relief in the form of return of this security deposit/down payment or other monetary relief, they have failed to adequately plead such relief. Thus, the district court was justified in dismissing the ILSFDA claims in their entirety.

## III. THE DISTRICT COURT'S OPINION REACHES THE RIGHT CONCLUSION ON RESCISSION REGARDLESS OF HOW IT WAS PRESENTED TO THE COURT.

The Plaintiffs claim the district court's opinion is confusing because it granted summary disposition to Bridgewater relative to the deposited funds (without any formal motion) and because the court had already ruled on Bridgewater's claim for specific performance. However, Bridgewater's Response Brief on Plaintiffs' Motion

for Summary Judgment asked the Court to declare that rescission was unavailable under the ILSFDA as a matter of law (the very point of law upon which Plaintiffs' summary judgment motion was premised). (See R.E. Defendant's Brief in Response to Motion for Summary Judgment at p.25 - "Conclusion".)[6] The court ruled on the issue upon which both parties requested a determination. Thus, whether Defendant's request for relief was properly considered a Motion for Summary Judgment is, frankly, irrelevant.

**CONCLUSION**

For the reasons stated above, Plaintiffs' claim for rescission (of any type) is time-barred as a matter of law since such claims were not brought within two years. In addition, Plaintiffs clearly elected to pursue rescission (and no claims for monetary relief were adequately plead if plead at all). Thus, the district court properly exercised its discretion to dismiss the state law claims without prejudice.

---

[6] See R.E. No. 29 - Brief in Support of Plaintiffs' Motion for Summary Judgment p. 15 requesting that judgment be entered as a matter of law.

Date: September 27, 2010

SCHENK, BONCHER & RYPMA

By: /s/ Brent W. Boncher
Curtis D. Rypma (P44421)
Gary P. Schenk (P19970)
Brent W. Boncher (P64832)
Attorneys for Defendant-Appellee
Business Address:
601 Three Mile Road NW
Grand Rapids, MI 49544
(616) 647-8277

S:\LS300\CDR\GROOTERS DEV\BRIDGEWATER\VENEKLASE\APPEAL\Appellee Brief-corrected.wpd
47448-7692