# EXHIBIT A

No. 10-1794

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

STEPHEN C. VENEKLASE AND REBECCA S. VENEKLASE

Plaintiffs - Appellants,

v

BRIDGEWATER CONDOS, L.C., a Michigan limited liability company

Defendant - Appellee

On Appeal from the United States District Court
for the Western District of Michigan

APPELLANT BRIEF OF PLAINTIFFS-APPELLANTS
STEPHEN C. VENEKLASE AND REBECCA S. VENEKLASE

David W. Charron (P39455)
Heidi L. Hohendorf (P68944)
Charron & Hanisch, PLC
Attorneys for Plaintiffs-Appellants
4949 Plainfield Ave NE
Grand Rapids, MI 49525
(616) 363-0300

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

DALE W. BOERSEMA,

        Defendant/Cross-Plaintiff-Appellee.

UNPUBLISHED
December 14, 2010

No. 293935
Kent Circuit Court
LC No. 09-003165-CK

---

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

SHARON SANDERS, a/k/a SHARON ANN
SANDERS

        Defendant/Cross-Plaintiff-Appellee.

No. 293936
Kent Circuit Court
LC No. 9-002061-CK

---

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross Defendant-
        Appellant,

v

AARON SCHOONOVER and DEBRA DETERS

        Defendants/Cross-Plaintiffs-
        Appellees.

No. 293937
Kent Circuit Court
LC No. 9-005094-CK

---

BRIDGEWATER CONDOS, LC,

Plaintiff/Cross-Defendant-
Appellant,

v

ERIC H. WARSIN and MARY C. WARSIN,

        Defendants/Cross-Plaintiffs-
        Appellees.

No. 293938
Kent Circuit Court
LC No. 9-001615-CK

---

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

ANNETTE YOUNG,

        Defendant/Cross-Plaintiff-Appellee.

No. 293939
Kent Circuit Court
LC No. 9-000642-CK

---

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

BOBAR. LLC,

        Defendant/Cross-Plaintiff-Appellee.

No. 293940
Kent Circuit Court
LC No. 9-001874-CK

---

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

PAUL KOHLER and PATRICIA KOHLER,

        Defendants/Cross-Plaintiffs-
        Appellees.

No. 293941
Kent Circuit Court
LC No. 9-001619-CK

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

JASON KUENNEN, a/k/a JASON ROY
KUENNEN,

        Defendant/Cross-Plaintiff-Appellee.

No.  293942
Kent Circuit Court
LC No.  9-002125-CK

---

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

MARK LYON,

        Defendant/Cross-Plaintiff-Appellee.

No.  293943
Kent Circuit Court
LC No.  9-001621-CK

---

BRIDGEWATER CONDOS, LC,

        Plaintiff/Cross-Defendant-
        Appellant,

v

RYAN S NEIL,

        Defendant/Cross-Plaintiff-Appellee.

No.  293944
Kent Circuit Court
LC No.  9-002122-CK

---

LINDA A. PRUS, DAVID R. PRUS, PATRICIA
F. PRUS, PATRICK, J. PRUS,

        Plaintiffs/Cross-Defendants-
        Appellees,

v

No.  293945

BRIDGEWATER CONDOS, LC,

      Defendant/Cross-Plaintiff-
      Appellant.

Kent Circuit Court
LC No. 9-003642-CK

---

BRIDGEWATER CONDOS, LC,

      Plaintiff/Cross-Defendant-
      Appellant,

v

STACEY P. FIGG,

      Defendant/Cross-Plaintiff-Appellee.

No. 293946
Kent Circuit Court
LC No. 9-001616-CK

---

BRIDGEWATER CONDOS, LC,

      Plaintiff/Cross-Defendant-
      Appellant,

v

STEVE LANKFER, a/k/a STEPHEN V.
LANKFER and GREENWING LLC,

      Defendants/Cross-Plaintiffs-
      Appellees.

No. 293947
Kent Circuit Court
LC No. 9-002118-CK

---

BRIDGEWATER CONDOS, LC,

      Plaintiff/Cross-Defendant-
      Appellant,

v

ANGELO BARONE and GERALYN BARONE

      Defendants/Cross-Plaintiffs-
      Appellees.

No. 293962
Kent Circuit Court
LC No. 9-000641-CK

---

BRIDGEWATER CONDOS, LC,

Plaintiff-Appellant,

v

JOSEPH IWAN and LORI RANDALL,

Defendants-Appellees.

No. 293963
Kent Circuit Court
LC No. 9-000647-CK

Before: STEPHENS, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

In these 15 separate causes of action arising from alleged breaches of condominium purchase agreements, Bridgewater Condos, LC (Bridgewater) appeals by way of leave granted the trial court's grant of summary disposition in favor of the various potential purchasers. The trial court determined that the purchase agreements were not binding because they failed to comply with the requirements of the Michigan Condominium Act, MCL 559.101 *et seq*. We affirm.

The relevant facts in this matter are essentially undisputed. Bridgewater is the developer of Riverhouse at Bridgewater Place, which is a 207 unit residential condominium development. Each of the appellees entered into a purchase agreement for a condominium unit. Each of the purchase agreements contained a paragraph describing the agreement's escrow provisions. That paragraph indicated that Metropolitan Title Company (Metropolitan) was acting as the escrow agent and would hold all funds Bridgewater received from the potential purchasers. The paragraph did not contain an address for Metropolitan. However, when each appellee signed a purchase agreement, he or she was provided with a bound set of documents referred to as the "Condo Book." Among the documents in the Condo Book was a disclosure statement, which provided Metropolitan's address. Additionally, another document provided to the appellees contained an e-mail address and facsimile number for Metropolitan.

When the purchase agreements were executed, the condominium units had not yet been built. When construction was finished in 2008, Bridgewater scheduled closing dates for each of the parties that had entered a purchase agreement. None of the appellees attended their scheduled closings. Rather, they each indicated their intent to rescind the purchase agreements. Consequently, this litigation ensued. The trial court granted appellees summary disposition pursuant to MCR 2.116(C)(10) after concluding that the purchase agreements did not comply with the Michigan Condominium Act where they failed to provide the address of the escrow agent.

Bridgewater asserts that the trial court erred in granting appellees summary disposition. This Court reviews a trial court's decision regarding summary disposition pursuant to MCR 2.116(C)(10) de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003).

Summary disposition is proper when, upon examining the affidavits, depositions, pleadings, admissions and other documentary evidence, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1997). The trial court's decision was the product of contractual interpretation. "The existence and interpretation of a contract are questions of law reviewed de novo." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). Furthermore, the trial court's decision involved an interpretation of the Michigan Condominium Act. This Court reviews decisions regarding the meaning and applicability of a statute de novo. *Esselman v Garden City Hospital*, 284 Mich App 209, 216; 772 NW2d 438 (2009); *Auto Club Ins Ass'n v General Motors Corp*, 217 Mich App 594, 598; 552 NW2d 523 (1996).

The parties to this litigation each acknowledge that MCL 559.184 of the Michigan Condominium Act provides in part:

> (4)    A purchase agreement shall contain all of the following:
>
> (a)    A statement that all funds paid by the prospective purchaser in connection with the purchase of a unit shall be deposited in an escrow account with an escrow agent and shall be returned to the purchaser within 3 business days after withdrawal from the purchase agreement as provided in subdivision (b). *The statement shall include the name and address of the escrow agent.* [emphasis added.]

Pursuant to MCL 559.184a, a condominium developer must provide a purchaser with a purchase agreement that complies with the above-quoted language. Finally, MCL 559.184(2) provides that a purchaser may withdraw from an agreement within nine days of the receipt of a statutorily compliant purchase agreement. Consequently, it follows that a party is not bound by a purchase agreement if that agreement does not comply with the statutory scheme. In the present case, it is undisputed that the text of the document entitled "Purchase Agreement" did not contain an address for Metropolitan. Bridgewater offers a variety of arguments in support of its claim that the agreement was nonetheless binding. We will address each argument in turn.

Bridgewater first argues that the purchase agreement must be construed with the documents in the condo book when determining whether the agreement was valid under the Michigan Condominium Act. Pursuant to this argument, the purchase agreement would be rendered compliant because documents in the condo book included Metropolitan's address. In support of this argument, Bridgewater cites to several cases that each support our Supreme Court's pronouncement in *Tomecek v Bavas*, 482 Mich 484, 493; 759 NW2d 178 (2008), in which it stated, "[w]hen attempting to discern the parties' intent, we construe together contemporaneous documents relating to the same transaction." Likewise, the Court has previously stated:

> There seems to be no question that, where several instruments are made at one and the same time having relation to the same subject-matter, they must be taken to be parts of one transaction and construed together for the purpose of showing the true contract between the parties. *Interstate Const Co v US Fidelity & Guaranty Co*, 207 Mich 265, 274; 174 NW 173 (1919)

-6-

That notion, while legally accurate, is inapplicable to the present matter. The relevant case law indicates that contractual documents are to be construed together for the purpose of determining the nature of the contract or the intent of the parties. In other words, our Supreme Court was referencing a tool of contractual interpretation. In the present case, there is no need to apply such a tool. The meaning of the contract in question is unambiguous and undisputed. The trial court was not tasked with ascertaining the meaning of the parties' agreement. Rather, it was required to determine whether the agreement complied with the statutory scheme. As our Supreme Court has explained, "in statutory interpretation, if the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Herman v Berrien County*, 481 Mich 352, 366; 750 NW2d 570 (2008). An appellate court may go beyond the words of the statute to ascertain the drafter's intent only if the language of the statute is ambiguous. *City of Romulus v Dep't of Environmental Quality*, 260 Mich App 54, 65; 678 NW2d 444 (2003). Here, the statutory scheme unambiguously provides that the purchase agreement must provide the name and address of the escrow agent. Because that requirement is unambiguous, it is irrelevant whether a contemporaneously executed document contained the relevant information. Furthermore, even if this Court were permitted to construe contemporaneously executed documents together for some purpose unrelated to meaning or intent, Bridgewater offers no authority to establish that the contemporaneously executed rule can be relied upon to supplant a clear statutory requirement.

Likewise, Bridgewater also cites *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 599; 648 NW2d 591 (2002), which provided that "contracting parties are assumed to want their contract to be valid and enforceable. Accordingly, we are obligated to construe contracts that are potentially in conflict with a statute, and thus void as against public policy, where reasonably possible, to harmonize them with the statute." Bridgewater asserts that this notion supports its argument that the contractual documents should be construed together to bring the agreement into compliance with the Michigan Condominium Act. The argument is unpersuasive. The purchase agreement at issue was not in conflict with any statute. Rather, the agreement was merely deficient, as it lacked an essential piece of information. While this Court is permitted to harmonize a contract with a statute, it is not permitted to re-write an agreement to accomplish that harmony.

Bridgewater next asserts that the purchase agreement complied with the statutory requirements, regardless of whether the documents in the condo book are considered. Pursuant to this theory, Bridgewater first contends that the purchase agreement incorporates the escrow agreement by reference. Furthermore, the escrow agreement states that Metropolitan is located in Grand Rapids. Bridgewater contends that "Grand Rapids" satisfies the address requirement of the Michigan Condominium Act.

We agree that the escrow agreement was incorporated by reference. The purchase agreement provided, "Buyer agrees to be bound by the escrow agreement, as though a party to the agreement." "Where one writing references another instrument for additional contract terms, the two writings should be read together." *Forge v Smith*, 458 Mich 198, 207; 580 NW2d 876 (1998). However, even if the escrow agreement is considered as part of the purchase agreement, the requirements of the Michigan Condominium Act have still not been satisfied. The relevant statute does not define "address." "Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary definition for those

meanings." *Hamed v Wayne Co*, 284 Mich App 681, 694; 775 NW2d 1 (2009). As indicated in Black's Law Dictionary (9th ed. 2009). The word "address" means "[t]he place where mail or other communication is sent." That definition is consistent with the plain and ordinary meaning of the term. Therefore, the escrow agreement, like the purchase agreement, did not comply with the statutory requirement.

Bridgewater further asserts that if the address provided in the escrow agreement was not sufficient, it constitutes an ambiguity, which allows this Court to consult extrinsic evidence to determine the meaning of the provision. As this Court has previously explained:

> [I]f contractual language is clear, construction of the contract is a question of law for the court. If the contract is subject to two reasonable interpretations, factual development is necessary to determine the intent of the parties and summary disposition is therefore inappropriate. If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous. The language of a contract should be given its ordinary and plain meaning. [*Meagher v Wayne State Univ*, 222 Mich.App 700, 721-722; 565 NW2d 401 (1997) (internal citations omitted).]

Here, it is improper to classify the language in the escrow agreement as ambiguous. The language clearly states that Metropolitan is located in Grand Rapids. That language is not subject to two reasonable interpretations. Rather, the proper description for the language at issue is "incomplete." Consequently, it would be improper for this Court to consult extrinsic evidence to bring the agreement into conformity with the Michigan Condominium Act.

Bridgewater next argues that the purchase agreement was not statutorily deficient because, based on a dictionary definition, it did conform with MCL 559.184. According to Bridgewater, because the term "conform" is not defined by the statute, the trial court should have deferred to the dictionary definition found in Random House Webster's College Dictionary (2d edition), which defines the term as "to make similar in form, nature, or character." According to Bridgewater, the use of the term "conform" evidences the legislature's intent to permit some variance from the statutory requirements of the Michigan Condominium Act, particularly where the variance did not prejudice a party. Bridgewater's argument fails to appreciate that a meaning of a term may be ascertained by the context or setting in which the word or phrase is used in the statutory scheme. *US Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 773 NW2d 243 (2009); *Feyz v Mercy Memorial Hosp*, 475 Mich 663, 684 n 62; 719 NW2d 1 (2006). The relevant portions of the Michigan Condominium Act expressly provide that the purchase agreement "shall" provide the name and address of the escrow agent. The word "shall" is typically used to designate a mandatory provision. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008). To accept the proposed definition is to ignore the context in which the term is found. Consequently, we agree with the trial court's conclusion that "conform," as used in this statute, is synonymous with "comply." As a result, we cannot conclude that Bridgewater's purchase agreement conformed to the statutory requirements where that agreement failed to include Metropolitan's address.

Finally, Bridgewater argues that the trial court's grant of summary disposition was in error because Bridgewater substantially complied with the requirements of the Michigan

Condominium Act. "[I]t is a cardinal rule of statutory construction that a clear and unambiguous statute warrants no further interpretation and requires full compliance with its provision." *Advanta National Bank v McClarty*, 257 Mich App. 113, 120; 667 NW2d 880 (2003). An exception to this general rule exists when the legislature expressly includes a substantial compliance provision in the body of a statute. *Id.* In the present case, Bridgewater fails to identify such a provision in the Michigan Condominium Act, just as it fails to identify any authority that has previously applied a substantial compliance analysis to the requirements of that act. Rather, Bridgewater asserts that the address requirement in the Michigan Condominium Act is tantamount to a notice provision only requiring substantial compliance. However, the substantial compliance rule may not defeat clear and unambiguous statutory language. *Rheaume v Vandenberg*, 232 Mich App 417, 422-424; 591 NW2d 331 (1998). Here, the legislature has clearly indicated that a purchase agreement is invalid where it fails to include the name and address of the escrow agent. Because there is no indication that the legislature did not intend that provision to be mandatory, it would be improper for this Court to conclude that substantial compliance suffices.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Jane E. Markey
/s/ Kurtis T. Wilder